**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF IOWA  
WESTERN DIVISION**

| | |
|---|---|
| CARL LEROY COMBS,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C06-4061-PAZ<br><br>**ORDER ON MOTION FOR ATTORNEY'S FEES** |

_____

This matter is before the court on the plaintiff's application for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and attorney fees pursuant to 42 U.S.C. § 406(b). The defendant (the "Commissioner") does not object to an award of fees and expenses under EAJA, but does object to the amount of attorney's time for which the plaintiff seeks reimbursement. In addition, the parties disagree as to the correct hourly rate for reimbursement of the plaintiff's EAJA fees. As to the plaintiff's request for fees under 42 U.S.C. § 406(b), the Commissioner argues the "request appears to be premature" because the plaintiff's past-due benefits have not yet been calculated.

The plaintiff seeks reimbursement for 87.8 hours of attorney time in this case. The Commissioner argues this is excessive, citing cases in which courts have held that routine disability cases of this type commonly require far less attorney time. The Commissioner further lists the average attorney fee awards under EAJA in this and other districts during 2006. The court has broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion. *See Johnson v. Sullivan*, 919 F.3d 503, 505 (8th Cir. 1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"); *see also Decker v. Sullivan*, 976 F.2d 456, 459 n.1 (8th Cir. 1992) (citing *S.E.C. v. Comserv Corp.*, 908 F.2d 1407, 1411

(8th Cir.) ("'[A] request for attorney's fees should not result in a second major litigation.' *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S. Ct. 2541, 2548, 101 L. Ed. 2d 490 (1988)."). In determining whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Johnson v. Barnhart*, 2004 WL 213183 (W.D. Mo. Jan. 14, 2004) (citing *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994); *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (W.D. Iowa 1999); *Vanover v. Chater*, 946 F. Supp. 744, 746 (E.D. Mo. 1996)).

In the present case, the administrative record is voluminous, comprising some 1659 pages. While it is true the record contains medical evidence dating back some twenty-six years prior to the plaintiff's disability onset date, his attorney nevertheless had to review the entire administrative record in order to represent the plaintiff competently. Nevertheless, despite the length of the administrative record, the court finds the time claimed for review and indexing of the record and preparation of the briefs to be somewhat excessive. The court further finds it is reasonable to reduce the amount of attorney time for which reimbursement is sought by approximately 30%, for a total of 61.5 hours. *See Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006) (holding the court need not "scrutinize each action taken or the time spent on it when determining what is reasonable," and may exercise its discretion "simply to apply a reasonable percentage reduction as a practical means of trimming fat from a fee application") (internal quotation marks, citation omitted)).

The court next turns to consideration of the appropriate hourly rate for attorney compensation under EAJA. An exhaustive discussion of this issue is not required here in light of the detailed analysis made by the Honorable Mark W. Bennett of this court in *Mernka v. Barnhart*, No. C04-3006-MWB (N.D. Iowa Oct. 19, 2005). Judge Bennett held

EAJA fees should be determined by using the national Consumer Price Index ("CPI") for All Urban Consumers, not seasonally adjusted.[1] Judge Bennett further held "the method for adjusting EAJA fees is to divide the current index by the 1996 index[2] and determine the change in the indexes. Next, multiply the change in indexes and the national cap of $125 to calculate the adjusted hourly rate." The undersigned finds no cause to deviate from Judge Bennett's formula.

Further, as noted by the Commissioner, attorney's fees are to be reimbursed at the rate applicable to the year in which the services were performed. Here, the plaintiff seeks reimbursement for 39.8 hours in 2006, and 48.0 hours in 2007. Applying the 30% reduction discussed above, the plaintiff will be reimbursed for 27.9 hours in 2006 and 33.6 hours in 2007. Pursuant to Judge Bennett's formula, the $125/hour statutory amount is adjusted to $161.85/hour for 2006[3] and $166.02/hour for 2007[4], resulting in attorney fees of $4,515.62 for 2006 and $5,578.27 for 2007, for total EAJA fees of $10,093.89. These amounts will be awarded under EAJA, as well as expenses of $293.93. The filing fee of $350.00 also will be awarded to the plaintiff; however, the filing fee is payable from the Judgment Fund administered by the Treasury, and not by the Social Security Administration under EAJA. *See* 28 U.S.C. § 2412(d)(4); 31 U.S.C. § 1304.

---

[1] The court in *Mernka* used the CPI - All Urban Consumers "all items" index, rather than the subcategory index for "legal services." Courts that have considered the issue have concluded the "all items" index is appropriate. *See, e.g.*, *Jones v. Espy*, 10 F.3d 690, 692-93 (9th Cir. 1993) (*accord Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1086 (S.D. Cal. 2005)); *Dewalt v. Sullivan*, 963 F.2d 27 (3d Cir. 1992) (*accord East v. Barnhart*, 377 F. Supp. 2d 1170, 1172 n.2 (M.D. Ala. 2005)); *Sullivan v. Sullivan*, 958 F.2d 574 (4th Cir. 1992); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 780 (E.D. Wis. 2004); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002); *Uskokovic v. Sullivan*, 772 F. Supp. 387, 389 (N.D. Ill. 1991). *But see Dewalt*, *supra*, 963 F.2d at 31-32 (Becker, C.J., dissenting).

[2] In 1996, Congress raised the rate for EAJA fees from $75 to $125 per hour. The CPI-U index-all items-not seasonally adjusted for 1996 was 155.7. *See Mernka* at 7 & n.4.

[3] $125 x (2006 annual index of 201.6/155.7) = $161.85.

[4] $125 x (2007 annual index through October 2007 of 206.79/155.7) = $166.02.

The plaintiff will not be reimbursed for the one-half hour of paralegal time. The tasks performed by the paralegal were clerical in nature and not compensable under EAJA. *See Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004).

Regarding the plaintiff's request for fees under 42 U.S.C. § 406(b), the plaintiff has submitted a copy of his fee agreement with his attorney providing for a fee equal to 25% of the past due benefits, or more if approved by the Commissioner. However, as one court has noted, "[w]ithout knowing the amount of past-due benefits, there is no way to determine the reasonableness of a twenty-five percent fee." *Nelson v. Sullivan*, 1990 WL 144928 at *6 (W.D.N.Y. Sept. 29, 1990) (citations, internal quotation marks omitted). The court finds the motion is premature because the plaintiff's past-due benefit award has not yet been calculated. Therefore, the motion will be denied with regard to section 406(b) fees, without prejudice to refiling when the plaintiff's past-due benefit award is calculated.

Accordingly, the plaintiff's application for attorney's fees and expenses is **granted in part and denied in part**. Judgment will enter for the plaintiff in the amount of $10,093.89, representing attorney fees under EAJA; $293.93, representing expenses under EAJA; and $350.00, representing filing fees to be paid from the Judgment Fund. The motion for fees under 42 U.S.C. § 406(b) is denied as premature, without prejudice to refiling after the plaintiff's past-due benefit award has been calculated.

**IT IS SO ORDERED.**

**DATED** this 7th day of January, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT